Sarmiento v Method Gen. Contrs. LLC
2026 NY Slip Op 03929
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Roberson Sarmiento, Respondent,
v
Method General Contractors LLC, et al., Appellants.
Method General Contractors LLC, et al., Third-Party Plaintiffs-Appellants,
v
Method Maintenance LLC, Third-Party Defendant-Respondent.

Decided and Entered: June 23, 2026
Index No. 819412/23|Appeal No. 5947-5948|Case No. 2025-03117, 2025-05725|
Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ.

Kahana Feld LLP, New York (John F. Watkins of counsel), for appellants.
Davitt Spellman Barrett, LLP, Hauppauge (Christi M. Kunzig of counsel), for Method Maintenance LLC, respondent.

[*1]
Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered on or about September 4, 2025, to the extent it granted third-party defendant Method Maintenance LLC's cross-motion to dismiss the third-party complaint, unanimously reversed, on the law, without costs, the cross-motion denied, the third-party action reinstated, the matter remanded for further proceedings consistent with this decision, and the remainder of the appeal from the September 4, 2025 order dismissed as moot. Appeal from order, same court and Justice, entered April 21, 2025, which denied defendants' motion to vacate a default judgment, unanimously dismissed, without costs, as moot.
Plaintiff was allegedly injured in a fall from a ladder while working at 217 Thompson Street. Defendant West Lake 217 Thompson LLC owned the property. Defendant Method General Contractors LLC, West Lake's general contractor, subcontracted with third-party defendant Method Maintenance LLC to perform construction work at the property. Method Maintenance employed plaintiff.
Plaintiff commenced this action in December 2023. Defendants' counsel served answers in early 2024. A preliminary conference was scheduled for May 23, 2024. Defendants failed to appear at that conference and at successive adjourned conference dates on July 31 and October 2, 2024. By order entered October 30, 2024, the court directed entry of a default judgment pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 202.27(a) against defendants.
Meanwhile, on October 25, 2024, prior to the entry of the default judgment against them, defendants filed a third-party complaint against Method Maintenance, seeking contractual and common-law indemnification and contribution. On January 17, 2025, Method Maintenance filed an answer to the third-party complaint.
On December 4, 2024, defendants moved to vacate the default judgment, claiming law office failure. Supreme Court denied the motion, finding that defendants had failed to establish a reasonable excuse for the default or a meritorious defense.
In July 2025, defendants moved to renew their motion to vacate. Plaintiff and Method Maintenance opposed the renewal motion. Method Maintenance also cross-moved to dismiss the third-party complaint. Method Maintenance contended that defendants' default constituted an admission of negligence, barring their indemnification claims as a matter of law.
By order dated September 4, 2025, Supreme Court denied defendants' motion for leave to renew, finding that it "fails to contain reasonable justification for failure to present such facts on initial motion (CPLR 2221[e])." The court granted Method Maintenance's cross-motion to dismiss the third-party complaint "based on defendants' default judgment and [because] defendants cannot be indemnified for their 100% negligence."
[*2]
A stipulation between plaintiff and defendants was filed on January 15, 2026, discontinuing the matter with prejudice as against defendants. As those parties have settled, their rights can no longer be affected by a determination of the default vacatur issue. We thus dismiss the appeal from the April 2025 order as moot.
Law office failure is no longer in issue. The settlement mooted so much of the appeal from the September 2025 order as challenged the denial of defendants' renewed motion to vacate the default judgment. However, the September 2025 order granted Method Maintenance's cross-motion to dismiss the third-party complaint. The appeal thus survives to the extent that defendants seek reinstatement of their third-party claims (see Bellucia v CF 620, 172 AD3d 520, 523 [1st Dept 2019]).
The third-party complaint seeks, among other things, contractual indemnification. The relevant contracts provide for Method Maintenance to indemnify defendants for damages caused by its negligence "to the fullest extent permitted by law." Indemnification provisions that do not require indemnification of the promisee for its negligence are enforceable (see General Obligations Law § 5-322.1; Brooks v Judlau Contr., Inc., 11 NY3d 204, 210-211 [2008]). Under such circumstances, an owner or general contractor that is partly at fault may seek partial contractual indemnification from a subcontractor (see Munoz v JDS Seagirt LLC, 227 AD3d 547, 548 [1st Dept 2024]; Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 527 [1st Dept 2023]).
Here, the default judgment did not constitute a determination of defendants' negligence on the merits (see Tobon v Pita off the Corner, Inc., 198 AD3d 555, 555 [1st Dept 2021]; Rojas v Romanoff, 186 AD3d 103, 108-109 [1st Dept 2020]). Although defendants' default can be construed as an admission of negligence, there has been no finding that either defendant was solely responsible for plaintiff's alleged injury, or that Method Maintenance was free from negligence. Hence, neither law of the case nor issue preclusion compels dismissal of the third-party complaint. We accordingly deny the cross-motion to dismiss the third-party complaint and reinstate the third-party complaint, and remand for further proceedings.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026